**David and Joni PORTER, for Themselves and as Parents, Natural Guardians, and Next Friends of Cassandra Porter, a Minor, Plaintiffs,**

v.

**Thomas E. SNYDER, M.D.; Steven Sebree, M.D.; William Null, M.D.; and the Asbury Hospital Association, Defendants.**

No. 86–1366–K.

United States District Court, D. Kansas.

March 26, 1987.

Eugene B. Ralston, Topeka, Kan., for plaintiffs.

H.E. Jones, Charles E. Hill, Wichita, Kan., Clarence L. King, Jr., Salina, Kan., for defendants.

### MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This matter is before the court on defendant Asbury Hospital's motion for an order, pursuant to K.S.A. 60–226(c), limiting discovery and protecting it from being required to produce any incident report relating to the care of Joni or Cassandra Porter. The issue raised by the hospital's motion is whether an "incident report" is confidential and nondiscoverable pursuant to K.S.A. 1986 Supp. 65–4925(a).

On March 23, 1987, the court took up argument on the motion, having reviewed the parties' briefs. Consistent with its

statements at that time and for the reasons set forth herein, the court will deny defendant's motion.

The parties agree that in this case an "incident report" was made pursuant to K.S.A.1986 Supp. 65–4923. That statute provides in pertinent part:

(a) If a health care provider, or a medical care facility agent or employee who is directly involved in the delivery of health care services, has knowledge that a health care provider has committed an act which is or may be below the applicable standard of care or which may be grounds for disciplinary action pursuant to K.S.A. 65–2836 and amendments thereto, such health care provider, agent or employee shall report such knowledge as follows:

. . . .

(2) If the reportable incident occurred within a medical care facility, the report shall be made to the chief of the medical staff, chief administrative officer or risk manager of the facility. The chief of the medical staff, chief administrative officer or risk manager shall refer the report to the appropriate executive committee or professional practices peer committee which is duly constituted pursuant to the bylaws of the facility. The committee shall investigate all such reports and take appropriate action. . . .

The defendant argues that this report is protected from discovery pursuant to K.S.A.1986 Supp. 65–4925(a), which provides:

(a) The following reports and records made pursuant to K.S.A.1986 Supp. 65–4923 . . . shall be confidential and are not admissible in any civil or administrative action other than a disciplinary proceedings by the appropriate State licensing agency:

(1) *Reports and records of executive or review committees* of medical care facilities. . . .

(Emphasis added.)

■ The statute specifically provides that reports "of executive or review committees" are to be protected. By its plain meaning, this does not include incident reports which are not reports *of* the review committee, but rather are contemporaneous statements of facts relating to incidents which are reviewed *by* the committee. Thus, incident reports are distinguishable from the committee's reports and are not included within 65–4925(a)'s protection. *Compare State ex Rel, Chandra v. Sprinkle*, 678 S.W.2d 804 (Mo.1984) ("incident reports" are distinguishable from "peer committee reports" which are protected from discovery by 537.035.4, RSMo.Supp.).

■ The defendant argues that by failing to protect the incident reports, the court is subverting the purpose of the risk management reporting system, which is to encourage candid reports by health care providers in order to "protect the public's general health, safety, and welfare." K.S.A.1986 Supp. 65–4929(a). The court, however, finds that the statute's policy is sufficiently effectuated by protecting the confidentiality of reports and opinions of the actual review committee. The incident reports themselves are merely statements of fact. As such, they serve an important role in the discovery process. By order of this court such incident reports are, therefore, discoverable. However, in an abundance of caution, this court will review the report *in camera* before allowing its discovery by plaintiffs.

IT IS ACCORDINGLY ORDERED this 26 day of March, 1987, that defendant's motion for a protective order is denied. Defendant Asbury Hospital is directed to submit the incident report made by it in connection with this case to the court forthwith for an *in camera* inspection.